UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MEJIA AGUILAR ENDERSON,**

      **Petitioner,**

v.                                                                                    **Case No. 2:26cv178**

**PAUL PERRY,** *et al.,*

      **Respondents.**

## REPORT AND RECOMMENDATION

Pending before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons explained below, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **GRANTED IN PART** and **DENIED IN PART.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Mejia Aguilar Enderson ("Petitioner") filed the instant Petition seeking release from ICE custody or a bond hearing before an Immigration Judge. ECF No. 1 at 8. Petitioner was taken into immigration custody on December 3, 2025, and is currently housed at Caroline Detention Facility, located in the Eastern District of Virginia. *Id.* at 1, 5.

The Court received and filed the Petition on February 24, 2026. ECF No. 1. On February 26, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. ECF No. 6. Specifically, the Court ordered that Respondents must file either: (1) a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material

fashion from those presented in *Ceba Cinta v. Noem, et al.*, Case No. 1:25cv1818 (E.D. Va.); or (2) an Opposition to the Petition discussing any material differences between *Ceba Cinta* and this Petition. *Id.* at 1–2. Respondents filed their Notice on March 2, 2026. ECF No. 7. Therein, Respondents "submit that the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Ceba Cinta*." *Id.* at 1. Because this Petition is not materially different than *Ceba Cinta*, the Court does not wait for a response from Petitioner.

## II. DISCUSSION

Petitioner argues that he is unlawfully detained because he has not been given an individualized bond hearing before an Immigration Judge. *See* ECF No. 1 at 6. Respondents contend that the factual and legal issues in this petition do not differ in any material fashion from those presented in *Ceba Cinta*. ECF No. 7 at 1. Accordingly, the issue in this Petition is whether Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) or the discretionary detention provision pursuant to 8 U.S.C. § 1226(a).

Pursuant to 28 U.S.C. § 2241, federal courts are authorized to issue a writ of habeas corpus to one who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" *Luna Sanchez v. Bondi*, No. 1:25-cv-018888, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Habeas is "regularly invoked on behalf of noncitizens." *Id.* (quoting *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted). After considering the

2

response to a habeas petition, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 1. Legal Framework

The INA establishes the statutory framework that governs aliens who are detained upon arrival into the United States and those already present in the country.[1] *Abreu v. Crawford*, No. 1:24-cv-01782, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025), *appeal dismissed*, No. 25-6174, 2025 WL 2604455 (4th Cir. Apr. 22, 2025). That framework distinguishes between § 1225, applicable to "noncitizens who are detained *upon arrival* into the United States," and § 1226, applicable to individuals who "have *already entered* the country, legally or otherwise." *Id.*

Pursuant to § 1225(a), an alien detained *upon arrival* into the United States is defined as an "applicant for admission" and subject to mandatory detention. 8 U.S.C. § 1225(a). The INA distinguishes between two categories of applicants for admission. *Id.* First, § 1225(b)(1) applies to "aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" and "certain other aliens designated by the Attorney General at his discretion." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (citing § 1225(b)(1)(A)(i) and § 1225(b)(1)(A)(iii)). Second, § 1225(b)(2) is a "catchall provision," applying to "all applicants for admission not covered by § 1225(b)(1)." *Id.* (citing § 1225(b)(2)(A), (B)). Under both provisions, applicants for admission are subject to mandatory detention. § 1225(b)(1)(B)(ii)-(iii); § 1225(b)(2)(A).

Pursuant to § 1226(a), an alien who has *already entered* the country may be detained or released on bond pending a removal decision. § 1226(a). Detention under § 1226(a) is discretionary; the Attorney General may continue to detain the alien or "may release the alien" on

---

[1] Consistent with the INA's text, the Court uses the term "alien" here. *See* § 1101(a)(3) (defining an "alien" as "any person not a citizen or national of the United States").

bond or conditional parole.[2] § 1226(a)(1)–(2). Aliens detained under § 1226(a) "are entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final removal order." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 652 (E.D. Va. 2025) (quoting *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025)).

Respondents' central argument in this Petition—that an individual who has already entered the country is subject to mandatory detention under § 1225(b)(2), rather than discretionary detention under § 1226(a)—has been considered at length and rejected by numerous courts within this jurisdiction and around the country. *See, e.g., Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) (citing cases); *Ceba Cinta v. Noem*, No. 1:25-cv-1818, 2025 WL 4053171, at *2 (E.D. Va. Oct. 29, 2025); *Duarte Escobar v. Perry*, No. 3:25cv758, 2025 WL 3006742, at *13 (E.D. Va. Oct. 27, 2025).[3] *But see Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).[4] As recognized in *Ceba Cinta*, Respondents' position that individuals who are already present in the country are considered applicants for

---

[2] Irrelevant to the instant Petition, certain aliens are not entitled to release under § 1226(a), including those who "fall into one of several enumerated categories involving criminal offenses and terrorist activities." *See Jennings*, 583 U.S. at 289 (citing § 1226(c)(1)).

[3] *See also Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (supplying an appendix of "at least 350 [] cases decided by over 160 different judges sitting in about fifty different courts spread across the United States" where challengers to "the administration's new position that all noncitizens who came into the United States illegally, but since have been living in the United States, must be detained until their removal proceedings are completed" have prevailed).

[4] In *Buenrostro-Mendez*, the Fifth Circuit agreed with Respondents' position that an individual who has already entered the country may be considered an "applicant for admission" and subject to the mandatory detention provision in § 1225(b)(2). No. 25-20496, 2026 WL 32330 (5th Cir. Feb. 6, 2026). Although *Buenrostro-Mendez* is currently the only circuit court decision on this issue, it is not binding on this Court. *See CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020). Nor does this Court find the reasoning in that case persuasive. *See Camacho v. Perry*, No. 3:26-cv-76, 2026 WL 414937, at *3 n.7 (E.D. Va. Feb. 15, 2026) ("[T]he Court is unpersuaded by the Fifth Circuit majority's reasoning for many of the reasons cogently set forth in Judge Douglas' dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent."). The decision remains in the small minority of courts to adopt Respondents' position.

admission "reflects DHS's novel interpretation of decades-old immigration detention statutes which . . . is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction." 2025 WL 4053171, at *2 (citing cases).

*2. Analysis*

In light of the above legal framework, the Court makes the following findings:

First, for the same reasons explained in *Ceba Cinta*, the Court finds that Petitioner is detained pursuant to § 1226(a).[5] The INA makes clear that § 1225(b)(2)(A) extends to "applicants for admission" and not individuals like Petitioner, who have already entered and been present in the country. Petitioner's continued detention without a bond hearing before an Immigration Judge is unlawful, and habeas relief is warranted. *See* 28 U.S.C. § 2241(c)(3).

Second, because Petitioner is detained pursuant to § 1226(a), he is governed by the discretionary detention provisions set forth in that statute. Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether Petitioner is a danger to the community and whether he is a flight risk.

Third, the appropriate relief in this matter is ordering that Petitioner receive a bond hearing before an Immigration Judge. Although Petitioner requests his immediate release, he has not yet had a bond hearing where his release was considered. *See Bautista Villanueva v. Bondi*, No. 25-cv-4152, 2026 WL 100595, at *2 (D. Md. Jan. 14, 2026) (finding that absent any indication that the immigration judge will fail to apply the correct legal standards for bond hearings pursuant to

---

[5] The Court explicitly adopts and incorporates the reasoning in *Ceba Cinta* into this Report and Recommendation. *See* 2025 WL 4053171, at *2–3.

5

§ 1226, the appropriate remedy is a bond hearing). Accordingly, the appropriate remedy for Respondents' statutory violation is to receive a bond hearing before an Immigration Judge.

### III. RECOMMENDATION

For the reasons explained above, the Court **RECOMMENDS** that the Petition, ECF No. 1, be **GRANTED IN PART**, to the extent Petitioner seeks a bond hearing, but **DENIED IN PART** to the extent he seeks his immediate release.

The Court further **RECOMMENDS** that:

- Petitioner be provided a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within **ONE DAY** of entry of a final order in this matter;

- Respondents be **ENJOINED** from denying bond to Petitioner on the grounds that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

- Respondents shall file a status report with the Court within **THREE DAYS** of Petitioner's bond hearing, which shall explain whether Petitioner has been granted bond, and if his request for bond was denied, the reasons for that denial;

- in the event Petitioner is released on bond by an Immigration Judge, Respondents be **ENJOINED** from invoking the automatic stay provision of 8 C.F.R. § 1003.19(i)(2)[6]; and

- in the event Petitioner is released on bond by an Immigration Judge, Respondents be **ENJOINED** from rearresting Petitioner unless: (1) he has committed a new violation of any federal, state, or local law; (2) he has failed to attend any properly noticed

---

[6] *See Hasan v. Crawford*, 800 F. Supp. 3d 641, 657–61 (E.D. Va. 2025) (explaining the automatic stay provision in 8 C.F.R. § 1003.19(i)(2) and finding that it "constitutes an unequivocal violation of due process").

immigration or court hearing; or (3) he is subject to an administratively final removal order pursuant to § 1231.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel of record for Respondents.

_____/s/ RJK for LRL_____
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
Date: March 5, 2026