**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MEJIA AGUILAR ENDERSON,

    Petitioner,

    v.

PAUL PERRY, *et al.*,

    Respondents.

Case No. 2:26-cv-178

**ORDER**

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the pro se petitioner seeks either release from ICE custody or a bond hearing before an Immigration Judge. *Id.* at 8. On March 2, 2026, the respondents filed an opposition to the petition. ECF No. 7. The petitioner did not file a response.

The matter was referred for disposition to a United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. In a Report and Recommendation ("R&R"), entered on March 5, 2026, the Magistrate Judge recommended that the relief sought by the petition be granted to the extent the petitioner seeks a bond hearing before an Immigration Judge, but denied to the extent the petitioner seeks his immediate release from custody. ECF No. 8. The parties were advised of their

right to file written objections to the R&R. Neither the petitioner nor the respondents filed an objection with the Court.

Having reviewed the record and having heard no objection, the Court agrees with the R&R on the grounds stated by the Magistrate Judge and **ADOPTS** and **APPROVES** the R&R (ECF No. 8) in its entirety.

Accordingly, the petition (ECF No. 1) is **GRANTED IN PART**.

It is further **ORDERED** that:

The respondents provide the petitioner with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1225(a) within **ONE DAY** after entry of this final order;

The respondents are **ENJOINED** from denying bond to the petitioner on the grounds that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

The respondents shall file a status report with the Court within **THREE DAYS** of the petitioner's bond hearing, which shall explain whether the petitioner was granted bond, and if his request for bond was denied, the reasons for that denial;

In the event the petitioner is released on bond by an Immigration Judge, the respondents are **ENJOINED** from invoking the automatic stay provision of 8 C.F.R. § 1003.19(i)(2); and

In the event the petitioner is released on bond by an Immigration Judge, the respondents are **ENJOINED** from rearresting the petitioner unless: (1) he has committed a new violation of any federal, state, or local law; (2) he has failed to attend any properly noticed immigration or court hearing; or (3) he is subject to an administratively final removal order pursuant to § 1231.

The Clerk is **DIRECTED** to forward a copy of this Order to the petitioner and counsel of record for the respondents.

**IT IS SO ORDERED**.

_____ /s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 24, 2026

3